1  Eric S. Pezold (#255659)
   SNELL & WILMER L.L.P.
2  600 Anton Blvd., Suite 1400
   Costa Mesa, CA 92626
3  Telephone:  (714) 427-7414
   Facsimile:    (714) 427-7799
4  Email: epezold@swlaw.com

5  Attorneys for General Electric Capital
   Corporation

6

7

8                 IN THE UNITED STATES BANKRUPTCY COURT

9      FOR THE CENTRAL DISTRICT OF CALIFORNIA — SANTA ANA DIVISION

10  In re:                                    Case No. 8:10-bk-12892-TA

11  R STAR RESTAURANTS, INC. dba              Chapter 11 Case
    LONE STAR STEAKHOUSE dba
12  LONE STAR STEAKHOUSE AND                  **NOTICE OF NON-CONSENT TO USE
    SALOON,                                   OF CASH COLLATERAL AND
13                                            DEMAND FOR SEGREGATION AND
                 Debtor.                      ACCOUNTING OF CASH
14                                            COLLATERAL PURSUANT TO 11
                                              U.S.C. § 363(C)**
15

16      **PLEASE TAKE NOTICE** that General Electric Capital Corporation ("GE

17  Capital"), a secured creditor of R Star Restaurants, Inc. dba Lone Star Steakhouse dba

18  Lone Star Steakhouse and Saloon, the debtor and debtor-in-possession herein (the

19  "Debtor"), pursuant to Bankruptcy Code Section 363(c) does not consent to any use of

20  funds constituting GE Capital's cash collateral.  This Notice is based on the following

21  facts:

22      1.      On or about December 5, 2006, Debtor executed and entered into that

23  certain **Equipment Loan and Security Agreement** (the "Loan Agreement") with GE

24  Capital whereby GE Capital agreed to make a loan to Debtor in the principal amount of

25  $1,632,256 (the "Loan") to acquire certain equipment and other personal property to be

26  used in the operation of four (4) Loan Star Steakhouse restaurants.  The four (4)

27  restaurants are located at: (i) 955 Montecito Drive, Corona, California 92879 (the "Corona

28  Restaurant"); (ii) 24231 Avenida De La Carlota, Laguna Hills, California 92653 (the

11343635

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

1   "Laguna Hills Restaurant"); (iii) 6575 East Pacific Coast Hwy., Long Beach, CA 90803

2   (the "Long Beach Restaurant"); and (iv) 1222 Irvine Blvd., Tustin, CA 92780 (the "Tustin

3   Restaurant").  The Corona Restaurant, the Laguna Hills Restaurant, the Long Beach

4   Restaurant and the Tustin Restaurant are collectively referred to herein as the

5   "Restaurants".

6       2.    As collateral for the Loan, Debtor pledged all of the personal property

7   located at the Restaurants or used in connection with the Restaurants (the "Collateral").

8   Exhibit A to the Loan Agreement defines the Collateral as follows:

> "Collateral" means all of the following described property, whether now owned or hereafter acquired and wherever located, together with all replacements and substitutions therefore and all cash and non-cash proceeds (including insurance proceeds) and products thereof, and, in the case of tangible Collateral, together with all additions, attachments, accessions, parts, equipment and repairs now or hereafter attached or affixed thereto or used in connection therewith: (a) all of Borrower's equipment, including machinery, furniture, appliances, trade fixtures, tools, and office and record keeping equipment; (b) all of Borrower's inventory (including all goods held for sale, raw materials, work in process and materials or supplies used or consumed in Borrower's business); (c) all of Borrower's documents; general intangibles; accounts; contract rights; chattel paper an instruments; money; securities; investment properties; deposit accounts; supporting obligations; letters of credit and letter of credit rights; commercial tort claims; and records, software and information contained in computer media (such as data bases, source and object codes and information therein), together with any equipment and software to utilize, create, maintain or process any such records or data on electronic media; and (d) all goodwill; provided, however, that the security interest in any franchise, license, or distributorship agreement is subject to the provisions of Section 9-408 of the UCC. References in the Loan Documents to the Collateral include all or any portion of or interest in any of the Collateral.  The Collateral will not include property of the type described in clauses (a) and (b) of the preceding sentence to the extent located at and used in connection with the Borrower's business located (or to be located) at 18601 Dexter Avenue, Lake Elsinor, CA 92532.

    3.    Debtor also owns and operates a fifth Lone Star Steakhouse located at 18601 Dexter Avenue, Lake Elsinor, California 92532 (the "Lake Elsinor Restaurant"). GE Capital asserts a security interest in certain of the personal property used in connection with the Lake Elsinor Restaurant.  Specifically, GE Capital asserts a security interest in the types of Collateral identified in (c) and (d) in the preceding paragraph located at or used in connected with the Lake Elsinor Restaurant (the "Additional Collateral").

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Snell & Wilmer
——— L.L.P. ———
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

4.       On or about December 5, 200, Debtor, as maker, executed that certain *Equipment Promissory Note* (the "Note") wherein Debtor agreed to pay to GE Capital the principal sum of $1,632,256 plus interest thereon at the rate of 8.84% per annum by making monthly principal and interest payments in the amount of $20,535.65 until the Note matures on January 1, 2017.

5.       GE Capital perfected its security interest in the Collateral and the Additional Collateral by filing a *UCC-1 Financing Statement* with the California Secretary of State on November 8, 2006, at Filing Number 067091194532.

6.       On September 9, 2009, GE Capital and Debtor entered into that certain *Loan Modification Agreement* pursuant to which GE Capital agreed to temporarily reduce the monthly principal and interest payments required under the Note according to the schedule attached as Exhibit B to the Loan Modification Agreement.

7.       Prior to the petition date, March 8, 2010 (the "Petition Date"), Debtor defaulted under the Loan Modification Agreement by failing to make the payment due on March 1, 2010.

8.       GE Capital hereby gives notice pursuant to 11 U.S.C. 363(c) that it does not consent to any use of any of the Collateral, including cash collateral ("Cash Collateral") as that term is defined in section 363(a) of the Bankruptcy Code, by Debtor.  GE Capital demands that Debtor complies fully with section 363(c) of the Bankruptcy Code and all other applicable provisions of the United States Bankruptcy Code with respect to the Collateral and Cash Collateral, including, without limitation, the requirement that Debtor segregate and account for all of GE Capital's Cash Collateral that is in Debtor's possession, custody or control, as of the Petition Date, and any and all of Debtor's Cash Collateral coming into the Debtor's possession, custody or control at any time thereafter.

Dated: March 27, 2010.                              SNELL & WILMER L.L.P.


                                        By:    /s/ Eric S. Pezold
                                               Eric S. Pezold
                                               Attorneys for General Electric Capital
                                               Corporation

11343635                              - 3 -

| In re: R STAR RESTAURANTS, INC. dba LONE STAR STEAKHOUSE dba LONE STAR STEAKHOUSE AND SALOON, Debtor(s). | CHAPTER 11 CASE NUMBER - 8:10-bk-12892-TA |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate a NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626. The foregoing documents described as: **NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL AND DEMAND FOR SEGREGATION AND ACCOUNTING OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(C)** will be served or was served in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 27, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Raffi Khatchadourian     raffi@hemar-rousso.com
- Eric S. Pezold     epezold@swlaw.com
- Thomas J Polis     tom@polis-law.com
- Nancy S Goldenberg     nancy.goldenberg@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **March 29, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:

The Honorable Theodor Albert
United States Bankruptcy Court
Suite 5085
411 West Fourth Street
Santa Ana, CA 92701-4593
(messenger)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| March 27, 2010 | Eric S. Pezold | /s/ Eric S. Pezold |
|---|---|---|
| Date | Type Name | Signature |